DFTTERM

# U.S. District Court
## Northern District of Texas (Dallas)
## CRIMINAL DOCKET FOR CASE #: <u>3:16–cr–00562–N–4</u>

Case title: USA v. Stein et al

Date Filed: 12/20/2016
Date Terminated: 11/09/2017

Assigned to: Judge David C Godbey

**Defendant (4)**

| | | |
|---|---|---|
| **Christina Renee Caveny**<br>*TERMINATED: 11/09/2017* | represented by | **John M Nicholson–FPD**<br>Federal Public Defender – Dallas<br>525 Griffin St<br>Suite 629<br>Dallas, TX 75202<br>214–767–2746<br>Email: john_nicholson@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Federal Public Defender Appointment*<br>*Bar Status: Admitted/In Good Standing*<br><br>**Federal Public Defender**<br>Federal Public Defender – Dallas<br>525 Griffin St<br>Suite 629<br>Dallas, TX 75202<br>214–767–2746<br>Fax: 214–767–2886<br>Email: jason_hawkins@fd.org<br>*TERMINATED: 01/06/2017*<br>*Designation: Federal Public Defender Appointment*<br>*Bar Status: Admitted/In Good Standing* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18 U.S.C. § 371 (18 U.S.C. § 1341) Conspiracy to Commit Mail Fraud<br>(1s) | Committed to the BOP for 15 months, S/R 2 yrs, Restitution $270,134.84, MSA $100. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|

| | |
|---|---|
| 18:1349 Conspiracy to Commit Mail Fraud (1) | Dismissed on government motion. |
| 18:1341 and 2 Mail Fraud Aiding and Abetting (2–6) | Dismissed on government motion. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **David L Jarvis–DOJ** |
| | | US Attorney's Office |
| | | 1100 Commerce Street, 3rd Floor |
| | | Dallas, TX 75242–1699 |
| | | 214–659–8729 |
| | | Fax: 214–767–0978 |
| | | Email: david.jarvis@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: US Attorney's Office* |
| | | *Bar Status: Admitted/In Good Standing* |
| | | |
| | | **J Nicholas Bunch–DOJ** |
| | | US Attorney's Office |
| | | 1100 Commerce St |
| | | Third Floor |
| | | Dallas, TX 75242 |
| | | 214–659–8836 |
| | | Fax: 214–767–4104 |
| | | Email: nick.bunch@usdoj.gov |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: US Attorney's Office* |
| | | *Bar Status: Admitted/In Good Standing* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/20/2016 | 1 | 6 | INDICTMENT with Forfeiture Notice as to Mark Demetri Stein (1) count(s) 1, 2–6, Richard Bruce Stevens (2) count(s) 1, 2–6, Bruce Kevin Hawkins (3) count(s) 1, 2–6, Christina Renee Caveny (4) count(s) 1, 2–6. (ndt) (Entered: 12/21/2016) |
| 12/23/2016 | 6 | | MOTION to Amend/Correct 1 Indictment filed by USA as to Mark Demetri Stein, Richard Bruce Stevens, Bruce Kevin Hawkins, Christina Renee Caveny |

| | | | (Jarvis–DOJ, David) (Entered: 12/23/2016) |
|---|---|---|---|
| 12/29/2016 | 15 | | Court Request for Recusal: Judge Jane J Boyle recused. Pursuant to instruction in Special Order 3–249, the Clerk reassigned the case to Judge David C Godbey for all further proceedings. Future filings should indicate the case number as: 3:16–cr–562–N. (ash) (Entered: 12/29/2016) |
| 01/05/2017 | 18 | | ORDER granting 6 Motion to Amend/Correct as to Mark Demetri Stein (1), Richard Bruce Stevens (2), Bruce Kevin Hawkins (3), Christina Renee Caveny (4) (The requesting party must file the document with the clerk.) (Ordered by Judge David C Godbey on 1/5/2017) (ykp) (Entered: 01/05/2017) |
| 01/06/2017 | | | Voluntary Surrender of Christina Renee Caveny. (mcrd) (Entered: 01/06/2017) |
| 01/06/2017 | 19 | | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Christina Renee Caveny. Federal Public Defender for Christina Renee Caveny appointed. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 1/6/2017) (mcrd) (Entered: 01/06/2017) |
| 01/06/2017 | 21 | | Minute Entry for proceedings held before Magistrate Judge Irma Carrillo Ramirez: Initial Appearance as to Christina Renee Caveny held on 1/6/2017. Date of Arrest: 1/6/2017 Location interval set to: LR. Attorney Appearances: AUSA – Mark Tindall; Defense – John Nicholson. (Court Reporter: Digital File) (No exhibits) Time in Court – :11. (Interpreter N/A.) (ykp) (Entered: 01/09/2017) |
| 01/06/2017 | 22 | | (Document Restricted) CJA 23 Financial Affidavit by Christina Renee Caveny. (ykp) (Entered: 01/09/2017) |
| 01/06/2017 | 23 | | ORDER Setting Conditions of Release as to Christina Renee Caveny (4) PR. The defendant is Ordered released after processing. (Ordered by Judge David C. Godbey on 1/6/2017) (ykp) (Entered: 01/09/2017) |
| 01/06/2017 | 24 | | Minute Entry for proceedings held before Magistrate Judge Irma Carrillo Ramirez: Arraignment as to Christina Renee Caveny (4) Count 1,2–6 held on 1/6/2017. Plea entered by Christina Renee Caveny: Not Guilty on count(s) 1–6 Location interval set to: LR. Attorney Appearances: AUSA – Mark Tindall; Defense – John Nicholson. (Court Reporter: Digital File) (No exhibits) Time in Court – :1. (Interpreter N/A.) (ykp) (Entered: 01/09/2017) |
| 01/09/2017 | 20 | | NOTICE OF ATTORNEY APPEARANCE by John M Nicholson–FPD (Clerk to Set Designation as: Federal Public Defender Appointment) appearing for Christina Renee Caveny (Filer confirms contact info in ECF is current.) (Nicholson–FPD, John) (Entered: 01/09/2017) |
| 01/09/2017 | 25 | | Arrest Warrant Returned Executed on 1/6/2017 as to Christina Renee Caveny. (ykp) (Entered: 01/09/2017) |
| 02/09/2017 | 34 | | AMENDED PRETRIAL ORDER as to Mark Demetri Stein, Bruce Kevin Hawkins, Christina Renee Caveny: This case is reset for trial on this Court's one–week docket beginning 8/28/2017 before Judge David C Godbey. A final pretrial conference in this case is set for 8/25/2017 10:00 AM before Judge David C Godbey. (Ordered by Judge David C Godbey on 2/9/2017) (ykp) (Entered: 02/09/2017) |
| 05/10/2017 | 51 | | |

| | | | |
|---|---|---|---|
| | | | WAIVER OF INDICTMENT by Christina Renee Caveny. (epm) (Entered: 05/10/2017) |
| 05/10/2017 | 52 | | FELONY INFORMATION as to Christina Renee Caveny (4) count(s) 1s. (epm) (Entered: 05/10/2017) |
| 05/10/2017 | 53 | | Factual Resume as to Christina Renee Caveny. (epm) (Entered: 05/10/2017) |
| 05/10/2017 | 54 | | PLEA AGREEMENT as to Christina Renee Caveny. (epm) (Entered: 05/10/2017) |
| 05/16/2017 | 56 | | ELECTRONIC NOTICE OF HEARING as to Christina Renee Caveny Rearraignment set for 6/6/2017 11:00 AM in US Courthouse, Courtroom 1566, 1100 Commerce St., Dallas, TX 75242–1310 before Magistrate Judge Irma Carrillo Ramirez. (chmb) (Entered: 05/16/2017) |
| 06/06/2017 | 61 | | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge Irma Carrillo Ramirez: Rearraignment Hearing as to Christina Renee Caveny held on 6/6/2017. Plea entered by Christina Renee Caveny (4) Guilty Count 1s. Defendant continued on bond. Location interval set to: LR. Attorney Appearances: AUSA – David Jarvis; Defense – John Nicholson. (Court Reporter: Shawn McRoberts) (No exhibits) Time in Court – :17. (Interpreter N/A.) (mcrd) (Entered: 06/06/2017) |
| 06/06/2017 | 62 | | NOTICE/CONSENT REGARDING ENTRY OF A PLEA OF GUILTY as to Christina Renee Caveny. (mcrd) (Entered: 06/06/2017) |
| 06/06/2017 | 63 | | Report and Recommendation on Guilty Plea as to Christina Renee Caveny Re: 62 Consent Regarding Entry of a Plea of Guilty. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 6/6/2017) (mcrd) (Entered: 06/06/2017) |
| 06/08/2017 | 64 | | Unopposed MOTION for Protective Order filed by USA as to Mark Demetri Stein, Richard Bruce Stevens, Bruce Kevin Hawkins, Christina Renee Caveny (Jarvis–DOJ, David) (Entered: 06/08/2017) |
| 06/19/2017 | 67 | | AGREED DISCOVERY PROTECTIVE ORDER. (Ordered by Judge David C Godbey on 6/16/2017) (aaa) (Entered: 06/19/2017) |
| 07/07/2017 | 71 | | Order Accepting Re: 63 Report and Recommendation on Guilty Plea as to Christina Renee Caveny. (Ordered by Judge David C Godbey on 7/7/2017) (ndt) (Entered: 07/07/2017) |
| 07/07/2017 | 72 | | Sentencing Scheduling Order as to Christina Renee Caveny: Presentence Investigation Report due by 8/7/2017. Sentencing set for 9/18/2017 09:00 AM before Judge David C Godbey. (Ordered by Judge David C Godbey on 7/7/2017) (ndt) (Entered: 07/07/2017) |
| 08/03/2017 | 86 | | AMENDED SENTENCING SCHEDULING ORDER as to Christina Renee Caveny: Presentence Investigation Report due by 8/21/2017. Sentencing reset for 9/25/2017 09:00 AM before Judge David C Godbey. (Ordered by Judge David C Godbey on 8/3/2017) (sss) (Entered: 08/03/2017) |
| 08/28/2017 | 92 | | Unopposed MOTION to Continue *Sentencing and Associated Deadlines* filed by Christina Renee Caveny (Attachments: # 1 Proposed Order) (Nicholson–FPD, John) (Entered: 08/28/2017) |
| 09/06/2017 | 95 | | |

| | | | |
|---|---|---|---|
| | | | AMENDED SENTENCING SCHEDULING ORDER granting <u>92</u> Motion as to Christina Renee Caveny. Sentencing reset for 10/30/2017 at 9:00 AM before Judge David C Godbey. (Ordered by Judge David C Godbey on 9/6/2017) (ran) (Entered: 09/06/2017) |
| 10/23/2017 | 117 | | ELECTRONIC NOTICE OF HEARING as to Christina Renee Caveny Sentencing reset for 11/6/2017 09:00 AM in US Courthouse, Courtroom 1505, 1100 Commerce St., Dallas, TX 75242–1310 before Judge David C Godbey. (chmb) (Entered: 10/23/2017) |
| 11/06/2017 | 123 | | ELECTRONIC Minute Entry for proceedings held before Judge David C Godbey: Sentencing held on 11/6/2017 for Christina Renee Caveny (4), Count(s) 1, 2–6, Dismissed on government motion; Count(s) 1s, Committed to the BOP for 15 mos, SR 2 yrs, Restitution $270,134.84 and MSA $100. The defendant was advised of her right to appeal. Attorney Appearances: AUSA – David L. Jarvis; Defense – John Nicholson. (Court Reporter: Shawn McRoberts) (No exhibits) Time in Court – :23. (chmb) (Entered: 11/06/2017) |
| 11/09/2017 | <u>125</u> | 19 | JUDGMENT as to Christina Renee Caveny (4): Count(s) 1, 2–6, Dismissed on government motion. Count(s) 1s, Committed to the BOP for 15 months, S/R 2 yrs, Restitution $270,134.84, MSA $100. (Ordered by Judge David C Godbey on 11/9/2017) (axm) (Entered: 11/09/2017) |
| 01/02/2020 | <u>179</u> | | ORDER TRANSFERRING PROBATION/SUPERVISED RELEASE JURISDICTION as to Christina Renee Caveny pursuant to 18 USC 3605 with the records of this court TO the US District Court for Eastern District of Oklahoma FROM Northern District of Texas, Dallas Division upon order accepting jurisdiction. (Ordered by Judge David C Godbey on 11/22/2019) (axm) (Entered: 01/02/2020) |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

MARK DEMETRI STEIN (01)
RICHARD BRUCE STEVENS (02)
BRUCE KEVIN HAWKINS (03)
CHRISTIAN RENEE CAVENY (04)

NO.

**3-16 CR - 5 6 2 - B**

## INDICTMENT

The Grand Jury Charges:

Count One
Conspiracy to Commit Mail Fraud
Violation of 18 U.S.C. § 1349 (18 U.S.C. §1341)

At all times material to the indictment:

**Introduction**

1.     On or about August 4, 2006, CBMS Innovative Real Estate Solutions, Inc.

(Real Estate Solutions) was formed by filing papers with the office of the Texas Secretary

of State.  During at least the period from February 2012 to January 2013, defendant

**Mark Demetri Stein** operated Real Estate Solutions as a company in the business of

foreclosure rescue.

2.     At various times in 2012, defendant **Richard Bruce Stevens** used Texas

Real Estate Services (TRES) as a company in the business of foreclosure rescue.

3.     On or about July 6, 2006, ERealty Mortgage Group, LLC, was formed by

filing papers with the office of the Texas Secretary of State.  At various times in 2012,

Indictment - Page 1

defendant **Bruce Kevin Hawkins** used ERealty Mortgage Group, LLC as a company in
the business of foreclosure rescue.

4.      On or about July 30, 2006, ERG Mortgages filed an Assumed Name
Certificate with the office of the Texas Secretary of State.  At various times in 2012,
defendant **Bruce Kevin Hawkins** used ERG Mortgages as a company in the business of
foreclosure rescue.

5.      On or about August 14, 2006, ERealty Group filed an Assumed Name
Certificate with the office of the Texas Secretary of State.  At various times in 2012,
defendant **Bruce Kevin Hawkins** used ERealty Group as a company in the business of
foreclosure rescue.

6.      On or about October 15, 2006, ERG Investments filed an Assumed Name
Certificate with the office of the Texas Secretary of State.  At various times in 2012,
defendant **Bruce Kevin Hawkins** used ERG Investments as a company in the business of
foreclosure rescue.

**The Conspiracy and its Objects**

7.      Beginning in or about February 2012, the exact date being unknown to the
Grand Jury, and continuing thereafter until at least in or about January 2013, in the Dallas
Division of the Northern District of Texas and elsewhere, defendants **Mark Demetri
Stein, Richard Bruce Stevens, Bruce Kevin Hawkins,** and **Christina Renee Caveny**,
did unlawfully, knowingly, and willfully conspire and agree together, with each other,
and with persons both known and unknown to the Grand Jury, to commit an offense
against the United States, namely, the offense of mail fraud in violation of 18 U.S.C. §
1341.

Indictment – Page 2

## Manner and Means of the Conspiracy

8.    It was part of the conspiracy that:

a)      conspirators caused individuals to contact vulnerable and desperate homeowners who recently received notice of foreclosure on their homes;

b)      conspirators falsely represented that conspirators had caused investors to quickly purchase the homeowner's loan from the present lender at a greatly reduced price through a process called a "short sale";

c)      conspirators falsely represented to homeowners that conspirators owned property that they did not own;

d)      conspirators concealed from homeowners that conspirators had no legal right or legal authority to simply create a so-called "mortgage" and then issue a promissory note and deed of trust on this "mortgage" while the property (home) was still held as loan collateral by the present lender;

e)      conspirators concealed from homeowners that their original lender did not consent to or even know about this so-called "new loan" being made by the conspirators to the homeowner;

f)      conspirators concealed from homeowners that they did not have the legal authority to transfer the deed to their homes without the consent of their lender;

g)      conspirators conducted a fraudulent "closing" for each homeowner as part of the scheme.  At this phony "closing," conspirators caused the homeowner to pay conspirators a large down payment on the new "loan", and also caused the homeowner to sign one or more of the following fraudulent documents:

Indictment -- Page 3

8

a promissory note; deed of trust; special warranty deed; and/or a so-called "land trust";

h)      Conspirators falsely represented to homeowners that conspirators could "sell" homeowner's property back to homeowner with new loan, when conspirators knew that the conspirators did not legally own the property;

i)      conspirators told homeowners to ignore notices of non-payment sent by their present lender, as conspirators continued to unlawfully collect monthly so-called "mortgage payments" from homeowners;

j)      conspirators instructed several homeowners to file for bankruptcy but not follow up with the bankruptcy process as an additional means to delay foreclosure and conceal the conspirator's criminal conduct;

k)      conspirators falsely represented to homeowners that in order to receive the new loan, the homeowner was required to purchase a new life insurance policy and pay monthly premium payments on that policy; and

l)      conspirators also concealed from homeowners that all down payment and monthly mortgage payments fraudulently collected from homeowners were being spent for the personal benefit of the conspirators and not being credited on the so-called "new loan."

9.     **Acts in Furtherance of the Conspiracy**

a)      On or about March 19, 2012, defendants **Mark Stein** and **Richard Stevens** were present at a meeting with homeowners K.E. and C.E., then residing in their home located on Springridge Drive in Arlington, Texas.  In this meeting, **Stein** and **Stevens** falsely represented to homeowners K.E. and C.E. that **Stein's**

company (Real Estate Solutions) had purchased the homeowner's original home loan from his original lender and informed these homeowners that RES owned one-half of their home.  **Stein** and **Stevens** also told C.E. that he was required to purchase life insurance as part of the new so-called "loan".  During the period from April through May 2012, **Stein** and **Stevens** fraudulently collected a total of at least $3,209 from homeowners K.E. and C.E.

       b)      On or about April 12, 2012, defendant **Richard Stevens** met with homeowner R.C. at her work place.  At this meeting, **Stevens** falsely represented to homeowner R.C. that Stein's company (Real Estate Solutions) owned a residential property located on Rushing Creek Drive in Forney, Texas (the Forney property).  **Stevens** then fraudulently collected a $1,000 deposit from homeowner R.C. which would be credited on her $11,700 down payment on her new "loan" from Real Estate Solutions to purchase the Forney property.

       c)      On or about April 13, 2012, defendants **Mark Stein** and **Richard Stevens** were present at a "closing" on R.C.'s new loan from Real Estate Solutions.  **Stein** and **Stevens** falsely represented to homeowner R.C. that **Stein's** company (Real Estate Solutions) had purchased the Forney property and now planned to loan R.C. to funds to purchase this property.  In truth, Real Estate Solutions did not purchase or own the Forney property.  During the period from April through November 2012, **Stein** and **Stevens** fraudulently collected a total of at least $19,980 from homeowner R.C.  In January 2013, R.C. was evicted from the Forney property.

       d)      On or about April 13, 2012, defendant **Mark Stein** was present at a

meeting with homeowner A.C., then residing in her home located on Castlewood
Drive in Garland, Texas.  In this meeting, **Stein** falsely represented to homeowner
A.C. that **Stein's** company (Real Estate Solutions) planned to purchase
homeowner's A.C.'s original home loan from her original lender and told A.C. to
make a $3,500 down payment on a fictitious new "loan".  **Stein** also instructed
A.C. to begin making $950 monthly mortgage payments on this new "loan".
During the period from April 2012 through October 2012, **Stein** fraudulently
collected a total of at least $ 9,989 from homeowner A.C.

e)        On or about April 16, 2012, defendants **Mark Stein, Richard
Stevens** and **Christina Caveny** were present at a meeting with homeowner T.A.,
then residing in her home located on Blossom Circle in Garland, Texas.  In this
meeting, **Stein** falsely represented to homeowner T.A. that **Stein's** company (Real
Estate Solutions) had purchased the homeowner's first and second mortgages from
her original lenders and informed T.A. to make a down payment on a new "loan",
and begin making new monthly mortgage payments to Real Estate Solutions.
During the period from April through June 2012, **Stein**, **Stevens** and **Caveny**
fraudulently collected a total of at least $4,474 from homeowner T.A.

f)        Sometime in June 2012, defendants **Kevin Hawkins** and **Christina
Caveny** were present at a meeting with homeowner K.E., then residing in his
home located on Blossom Court in Garland, Texas.  In this meeting, **Hawkins**
falsely represented to homeowner K.E. that **Hawkins'** company (ERealty Group)
would purchase the homeowner's original home loan from his original lender.
**Hawkins** also told K.E. that he needed to make an $1,800 down payment on a

fictitious new "loan," and begin making $1,396 monthly mortgage payments on this new "loan." During the period from August through November 2012, **Hawkins** fraudulently collected from K.E. a total of at least $5,400 from homeowner K.E.

g)      On or about July 20, 2012, defendants **Mark Stein** and **Richard Stevens** were present at a meeting with homeowners J.R. and V.R., then residing in their home located on Lakeshore Drive in Grand Prairie, Texas. In this meeting, **Stein** and **Stevens** falsely represented to homeowner J.R. that **Stein's** company (Real Estate Solutions) had purchased the homeowner's home loan from their original lender and informed these homeowners that they should make all future loan payments to RES. **Stein** and **Stevens** also told J.R. that he was required to purchase life insurance as part of the new so-called "loan." During the period from July through September 2012, **Stein and Stevens** fraudulently collected a total of at least $4,714 from homeowners J.R. and V.R.

In violation of 18 U.S.C. § 1349 (18 U.S.C. § 1341).

Counts Two-Six
Mail Fraud, Aiding and Abetting
Violations of 18 U.S.C. §§ 1341 and 2

**Introduction**

1.    The allegations set out in Count One of this Indictment are re-alleged and

incorporated as part of Counts Two through Six.

**Scheme to Defraud**

2.    It was part of the scheme to defraud that during the period from about

February 2012 through in or about January 2013, **Mark Demetri Stein, Richard Bruce**

**Stevens, Bruce Kevin Hawkins,** and **Christina Renee Caveny**, recruited at least

seventy distressed and vulnerable homeowners who had recently received notices of

foreclosure on their homes.

3.    It was a further part of the scheme to defraud that defendants used third

parties to contact homeowners and offer them an opportunity to get out of their present

home loans and receive a new loan on their home with a reduced monthly payment and

reduced interest rate on their loan.

4.    It was a further part of the scheme to defraud that defendants falsely

represented to each homeowner that the defendants had "investors' standing by who were

ready to quickly purchase the homeowner's present loan from the lender holding the

homeowner's current mortgage.   Defendants also falsely represented that defendants

would use investors to purchase the homeowner's loan from the original lender at a

greatly reduced price through a process called a "short sale."

5.    It was a further part of the scheme to defraud that defendants falsely

represented to each homeowner that the homeowner had the legal authority to transfer the

homeowner's deed to their residence to the defendants.

6.      It was a further part of the scheme to defraud that during the period from about at least February 2012 through January 2013, defendants fraudulently collected at least $242,000 from at least seventy vulnerable homeowners who were facing the imminent threat of foreclosure of their homes.

7.      On or about the dates set forth below, for each of Counts Two through Six, **Mark Demetri Stein, Richard Bruce Stevens, Bruce Kevin Hawkins,** and **Christina Renee Caveny**, acting for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, each defendant as a member of the scheme, either acting personally or as an aider and abettor in the scheme, knowingly caused to be sent, delivered, and moved by the United States Postal Service, or by private and commercial interstate carrier, according to the directions thereon, a package containing materials as more fully described below:

| Count | Date | Item Mailed From | Item Mailed To | Content of Mailed Matter |
|---|---|---|---|---|
| 2 | 5-1-12 | Real Estate Solutions Garland, Texas | Homeowner A.C. Castlewood Dr. Garland, Texas | Loan Statement - requesting monthly mortgage payment |
| 3 | 6-1-12 | Real Estate Solutions Garland, Texas | Homeowner A.C. Castlewood Dr. Garland, Texas | Loan Statement - requesting monthly mortgage payment |
| 4 | 7-1-12 | Real Estate Solutions Garland, Texas | Homeowner A.C. Castlewood Dr. Garland, Texas | Loan Statement - requesting monthly mortgage payment |
| 5 | 8-1-12 | Real Estate Solutions Garland, Texas | Homeowner K.E. Blossom Court Garland, Texas | Loan Statement - requesting monthly mortgage payment |
| 6 | 9-1-12 | Real Estate Solutions Garland, Texas | Homeowner V.R. Lakeshore Dr. Grand Prairie, Texas | Loan Statement - requesting monthly mortgage payment |

In violation of 18 U.S.C. §§ 1341 and 2.

Indictment – Page 9

Forfeiture Notice
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A))

Upon conviction of any of the offenses alleged in Counts One through Six, inclusive, of this Indictment, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendants, **Mark Demetri Stein, Richard Bruce Stevens, Bruce Kevin Hawkins**, and **Christina Renee Caveny**, shall forfeit to the United States of America all property constituting or derived from proceeds traceable to the respective offenses, including the total proceeds derived from the offenses (commonly referred to as a "money judgment).

If any of the property described above, as a result of any act or omission of the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

**[REMAINDER OF PAGE BLANK, ONLY SIGNATURES FOLLOW]**

**Indictment – Page 10**

A TRUE BILL

_____

FOREPERSON


JOHN R. PARKER
UNITED STATES ATTORNEY

_____

DAVID L. JARVIS
Assistant United States Attorney
Texas Bar No. 10585500
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8729
Facsimile: 214.659.8812
Email: david.jarvis@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

MARK DEMETRI STEIN (01)
RICHARD BRUCE STEVENS (02)
BRUCE KEVIN HAWKINS (03)
CHRISTINA RENEE CAVENY (04)

INDICTMENT

18 U.S.C. § 1349 (18 U.S.C. §1341)
Conspiracy to Commit Mail Fraud

18 U.S.C. §§ 1341 and 2
Mail Fraud, Aiding and Abetting

18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A)
Forfeiture Notice

6 Counts

A true bill rendered

------------------------------------------------------------------------

DALLAS                                                      FOREPERSON

Filed in open court this 20th day of December, 2016.

------------------------------------------------------------------------

**Warrant to be Issued**
**TO MARK DEMETRI STEIN, RICHARD BRUCE STEVENS, CHRISTINA**
**RENEE CAVENY. DEFENDANT BRUCE KEVIN HAWKINS IN CUSTODY AS**
**OF 11/10/2015 IN SEAGOVILLE (CASE 3:14-CR-85-D)**

17

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **JUDGMENT IN A CRIMINAL CASE** |
| | § | |
| v. | § | |
| | § | Case Number: **3:16-CR-00562-N(4)** |
| **CHRISTINA RENEE CAVENY** | § | USM Number: **55205-177** |
| | § | <u>John M Nicholson</u> |
| | § | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☒ pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court.

☐ pleaded nolo contendere to count(s) which was accepted by the court

☐ was found guilty on count(s) after a plea of not guilty

**Count 1 of the superseding information filed May 10, 2017.**

The defendant is adjudicated guilty of these offenses:

| <u>Title & Section / Nature of Offense</u> | <u>Offense Ended</u> | <u>Count</u> |
|---|---|---|
| 18 U.S.C. § 371 (18 U.S.C. § 1341) Conspiracy To Commit Mail Fraud | 01/01/2013 | 1s |

The defendant is sentenced as provided in pages 2 through 12 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) Counts 1-6 of the original indictment ☐ is  ☒ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

<u>NOVEMBER 6, 2017</u>
Date of Imposition of Judgment

Signature of Judge

**DAVID C. GODBEY, UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

<u>NOVEMBER 9, 2017</u>
Date

AO 245B (Rev. TXN 9/17) Judgment in a Criminal Case                                      Judgment -- Page 2 of 12

DEFENDANT:          CHRISTINA RENEE CAVENY
CASE NUMBER:        3:16-CR-00562-N(4)

# IMPRISONMENT

   Pursuant to the Sentencing Reform Act of 1984, but taking the Guidelines as advisory pursuant to United States v. Booker, and considering the factors set forth in 18 U.S.C. Section 3553(a), the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**15 (Fifteen) months as to count 1s.**

☒ The court makes the following recommendations to the Bureau of Prisons:
   That the defendant be designated to FMC Carswell, in Fort Worth, Texas, if possible.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at        ☐ a.m.  ☐ p.m.  on

  ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☒ before 11 a.m. on Monday, January 8, 2018.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to


at _____, with a certified copy of this judgment.



               UNITED STATES MARSHAL

                 By

             DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. TXN 9/17) Judgment in a Criminal Case                                                          Judgment -- Page 3 of 12

DEFENDANT:          CHRISTINA RENEE CAVENY
CASE NUMBER:        3:16-CR-00562-N(4)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  **Two (2) years as to Count 1s.**

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☒  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4.  ☐  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5.  ☒  You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6.  ☐  You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7.  ☐  You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. TXN 9/17) Judgment in a Criminal Case                                                    Judgment -- Page 4 of 12

DEFENDANT:           CHRISTINA RENEE CAVENY
CASE NUMBER:         3:16-CR-00562-N(4)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

# U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.txnp.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. TXN 9/17) Judgment in a Criminal Case                                                    Judgment -- Page 5 of 12

DEFENDANT:              CHRISTINA RENEE CAVENY
CASE NUMBER:            3:16-CR-00562-N(4)

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide to the probation officer any requested financial information.

The defendant shall participate in mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

The defendant shall pay any remaining balance of restitution in the amount of $270,134.84, as set out in this Judgment.

Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant is ordered to pay restitution in the amount of $270,134.84, joint and several with Richard Bruce Stevens (02), and Bruce Kevin Hawkins (03), payable to the U.S. District Clerk, 1100 Commerce Street, Room 1452, Dallas, Texas 75242. Restitution shall be payable immediately and any unpaid balance shall be payable during incarceration. Restitution shall be disbursed to the victims as listed below:

Attached (List on pages 6-11)

If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the defendant's gross monthly income, or at a rate of not less than $50 per month, whichever is greater. Payment shall begin no later than 60 days after the defendant's release from confinement and shall continue each month thereafter until the balance is paid in full. In addition, at least 50 percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money shall be paid toward the unpaid balance within 15 days of receipt. Furthermore, it is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3).

AO 245B (Rev. TXN 9/17) Judgment in a Criminal Case                                        Judgment -- Page 6 of 12

DEFENDANT:         CHRISTINA RENEE CAVENY
CASE NUMBER:       3:16-CR-00562-N(4)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $100.00 | $.00 | $.00 | $270,134.84 |

☐   The determination of restitution is deferred until      An *Amended Judgment in a Criminal Case (AO245C)* will be entered
after such determination.

☒   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment.  However, pursuant to 18 U.S.C.
§ 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution of $219,109.09, jointly and severally with co-defendant Bruce Kevin Hawkins (3:16-cr-00562-3) and Richard Bruce
Stevens (3:16-cr-00562-2), to:

ADAN & SOPHIA LOPEZ
$2,009.00

ADELE MERRITT
$1,360.13

ALBA VELASQUEZ
$1,159.00

ANGELA & CHEEK
$6,006.66

ANGELA PUTTY
$1,477.00

ANNIE WOODS
$1,800.00

BENITA ARTENBERRY
$900.00

CAROLYN GREEN
$3,164.46

CARROLL & JANET BUNCH
$1,000.00

CHAO TSU & TSAI HSIEN LEE
$1,616.00

DAMARCULUS THOMPSON
$3,800.00

DARLENE BROWN
$5,000.00

DAVID & DEANNA POLLOCK
$4,046.58

AO 245B (Rev. TXN 9/17) Judgment in a Criminal Case                                    Judgment -- Page 7 of 12

DEFENDANT:        CHRISTINA RENEE CAVENY
CASE NUMBER:      3:16-CR-00562-N(4)


DBA TY BRIGGS MAINTENANCE COMPANY
$5,040.00

DEBRA HARWELL
$1,200.00

DENARD & BRENDA CHATMAN
$1,851.00

DENNY & SANDRA ISLAS
$200.00

DONALD OATMAN B & D AUTO SALES
$803.00

EDWAN JOHNS
$900.00

EVA RODRIGUEZ
$453.00

FEDERICO NINO
$425.00

GEOVANNI GONZALES
$400.00

GERARDO GRANADOS
$1,433.04

GLORIA REID
$5,368.00

HARVEY ISAACON
$1,200.00

HEATH & LISA HERRERA
$27,306.62

ISIDRO REYES
$1,200.00

ISSAC & MICHELLE BLOCK
$600.00

JACQUELINE JAMES
$1,051.46

JAMES BURKHALTER
$2,715.00

JAMES JONES
$846.00

JEANETTE BERRY
$1,000.00

AO 245B (Rev. TXN 9/17) Judgment in a Criminal Case                                    Judgment -- Page 8 of 12

DEFENDANT:          CHRISTINA RENEE CAVENY
CASE NUMBER:        3:16-CR-00562-N(4)

JERREL OWENS
$500.00

JOHN DAVID & PATRICIA MANGHAM
$2,460.00

JOHN JACKSON
$1,800.00

JOHN WILSON
$500.00

JOSE DELEON
$1,195.00

JOSHUA DOYLE
$690.00

JULIA SCOTT
$1,800.00

KEIKO WHEADON
$1,240.00

KENNETH DAVID & MAGGIE ISAASON
$600.00

KENNETH EASTERLING
$5,400.00

KIMBERLY & IDELIO MEDINA
$1,000.00

LAROSE SPENCER
$700.00

LAURA LOPEZ
$711.00

LAURA MARKERO
$660.00

LAVANDA WASHINGTON
$10,096.30

LEESA BRISTOW
$928.00

LINDA MECUM
$1,918.00

LINDA THOMAS
$500.00

LISA LAPOINT
$1,850.00

DEFENDANT:         CHRISTINA RENEE CAVENY
CASE NUMBER:       3:16-CR-00562-N(4)

LOUIS BUTLER
$900.00

LUCIA PUEBLA
$2,150.00

MARIA PARADA
$683.00

MARIETTA LEWIS
$4,800.00

MARLA CAMPBELL
$900.00

MARSHA BUTLER
$700.00

MARTHA MATTHEWS & FERNANDO CASTRO
$778.56

MICHAEL & PAULA JOHNSON
$2,460.00

MICHAEL & SHAYLYN LOWTHER
$7,308.00

NANCY STARNES
$1,967.00

PARNETHA LEONARD
$5,219.00

PHYLIS WACHIRA
$500.00

PURVIS BELL
$1,800.00

REBECA ESQUIVEL
$2,858.16

ROBERT & JOAN PARISH
$2,100.00

RODRICK REYNAUD
$2,000.00

ROSALIND DOSS
$760.00

ROSALINDA CANALES
$2,621.00

ROSALINDA CANTU
$5,520.00

AO 245B (Rev. TXN 9/17) Judgment in a Criminal Case

Judgment -- Page 10 of 12

DEFENDANT:          CHRISTINA RENEE CAVENY
CASE NUMBER:        3:16-CR-00562-N(4)

ROSE GICHUHI & ARTHUR GACERU
$4,150.00

RUBY BUTLER
$1,342.00

RUSSELL & JOIE MIMS
$3,758.64

SANDRA & ROGER FRANKLIN
$1,133.33

SARAH REYES
$2,257.00

SKYLA TAYLOR
$1,800.00

SUZIE KHAMMANEL
$2,550.00

SYDNEY & WANDA WILSON
$100.00

TALANA GIPSON
$1,500.00

TAMMY ANDERSON
$3,737.31

TAMMY DELEON
$100.00

TOMASA FUENTES
$732.00

TONY CARTWRIGHT
$2,206.00

TRAKETA EDWARDS
$220.00

VERA WATKINS
$12,000.00

VERNIDA DORSEY
$1,000.00

VERONICA & JOSE ROCHA
$5,414.28

VIRGINIA RAMIREZ
$740.00

VIVECA WILLIAMS
$1,269.07

AO 245B (Rev. TXN 9/17) Judgment in a Criminal Case                                                      Judgment -- Page 11 of 12

DEFENDANT:          CHRISTINA RENEE CAVENY
CASE NUMBER:        3:16-CR-00562-N(4)

    VIVIAN GARCIA
    $3,000.00

    WILLIAM MICHAEL &TIFFANIE LEPOINT
    $2,195.49

Restitution of $51,025.75, jointly and severally with co-defendant Richard Bruce Stevens (3:16-cr-00562-2), to:

    ANGELA & CHEEK
    $2,243.34

    ANGELA PUTTY
    $9,126.00

    DENNY & SANDRA ISLAS
    $1,550.00

    ISSAC & MICHELLE BLOCK
    $1,529.62

    JOSEPH SERNA
    $600.00

    LISA LAPOINT
    $12,770.68

    ROSALINDA CANTU
    $14,460.00

    RUSSELL & JOIE MIMS
    $5,339.66

    TAMMY ANDERSON
    $1,474.62

    WILLIAM MICHAEL &TIFFANIE LEPOINT
    $1,931.83

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☒ the interest requirement is waived for the   ☐ fine   ☒ restitution
    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

29

AO 245B (Rev. TXN 9/17) Judgment in a Criminal Case                                                    Judgment -- Page 12 of 12

DEFENDANT:          CHRISTINA RENEE CAVENY
CASE NUMBER:        3:16-CR-00562-N(4)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☐  Lump sum payments of $ _____ due immediately, balance due

   ☐  not later than _____, or

   ☐  in accordance _____ ☐ C,   ☐  D,   ☐  E, or   ☐  F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐  C,   ☐  D, or   ☐  F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☒  Payment in equal 20 (e.g., weekly, monthly, quarterly) installments of $ not less than 10 percent of the defendant's gross monthly
      income, or at a rate of not less than $50 per month, whichever is greater over a period of Years (e.g., months or years), to commence
      60 (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
      imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:
      **It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1s which shall be due
      immediately.  Said special assessment shall be paid to the Clerk, U.S. District Court.**
      **Restitution is not due and payable ahead of the schedule set for in this judgment, nor may the United States collect payment
      in advance of that schedule through garnishment or otherwise, absent further order of the Court, except that at least 50
      percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and other receipt of money
      shall be paid toward the unpaid balance within 15 days of receipt.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility
Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several
   See above for Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several
   Amount, and corresponding payee, if appropriate.

   ☐Defendant shall receive credit on her restitution obligation for recovery from other defendants who contributed to the same loss that gave
   rise to defendant's restitution obligation.
☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.